# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| WAYNE D. HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV412-188 |
| | ) | |
| LARRY CHISOLM, STEVE BROWN, | ) | |
| JUDGE JAMES BASS, SHERIFF AL | ) | |
| ST. LAWRENCE, PUBLIC | ) | |
| DEFENDER'S OFFICE, SAVANNAH | ) | |
| CHATHAM METROPOLITAN | ) | |
| POLICE DEPARTMENT, CITY OF | ) | |
| SAVANNAH, and CHATHAM | ) | |
| COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Wayne D. Hamilton has submitted another in a long line of filings attacking a slew of recent state criminal prosecutions.[1] (Doc. 1.) This time, he presents an *in forma pauperis* ("IFP") complaint asking the

---

[1] Hamilton has been charged in five state criminal actions since 2008. *See* Chatham County, Georgia Case Lookup, *available at* http://www.chathamcourts.org (last visited Oct. 2, 2012). His most recent conviction came earlier this year. *State v. Hamilton*, No. CR112278 (Ga. Sup. Ct. May 24, 2012) (jury conviction for criminal trespass, theft by taking, and false statements and writings; sentenced to four years' imprisonment). The instant complaint attacks that conviction. (Doc. 1 at 1 (suing virtually everyone involved in that prosecution, including the presiding judge and assistant district attorney).

Court to overturn his 2012 state court conviction for criminal trespass and false statements, expunge his record, award him damages, release him from imprisonment, and bring criminal charges against the named defendants.[2] (*Id.* at 3.) He claims that defendants, variously, "illegally arrested" him, "conspired to maliciously prosecute" him, and violated his constitutional rights both during the pretrial and trial proceedings (by denying him a preliminary hearing, a speedy trial, and effective assistance of counsel, among other things). (*Id.* at 4-6.) Hamilton, however, is barred from proceeding IFP under 28 U.S.C. § 1915(g)'s "three strikes" provision.

---

[2] Hamilton specifically asks for release pursuant to a writ of habeas corpus. (Doc. 1 at 2-3.) He has not, however, shown that he exhausted his state court remedies. 28 U.S.C. § 2254(b) (codifying common law exhaustion requirement); *Wilkinson v. Dotson*, 544 U.S. 74, 79 2005) (all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *see also Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."). Nor has he substantially followed the Court's § 2254 form petition, as required by Rule 2(d) of the Rules Governing Section 2254 Cases. If Hamilton wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules, but he is advised to first exhaust his state remedies or else face immediate dismissal.

Additionally, he lacks the authority to file any sort of criminal complaint against the named defendants. The decision whether to institute criminal proceedings against an individual does not rest with the courts or the public at large. Such decisions are reserved to prosecutors. Hence, that part of his complaint is a nullity.

Plaintiffs are generally required to pay $350 to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid prepayment of the filing fee if they proceed IFP under 28 U.S.C. § 1915. In order to proceed IFP, however, serial-filers must surmount § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner barred from proceeding IFP due to § 1915(g)'s "three strikes" provision must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). A "struck" prisoner's complaint is thus dismissed without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Here, Hamilton has clearly accumulated the three strikes necessary to bar him from future IFP filings in federal court. *See Hamilton v. Martin*, No. CV410-201 (S.D. Ga. Jan. 24, 2011) (42 U.S.C. § 1983 suit

3

raising many of the same claims Hamilton raises here; dismissed without prejudice for failing to state a claim for relief); *Hamilton v. Chisolm*, No. CV411-307 (S.D. Ga. Feb. 29, 2012) (same); *Hamilton v. Chisolm*, No. CV411-023 (S.D. Ga. Mar. 25, 2011) (same; although he was released from detention during the proceedings, he filed his complaint while incarcerated).[3] Without a showing of "imminent danger of serious physical injury," his complaint is subject to dismissal.

To fit within § 1915(g)'s "imminent danger" exception, Hamilton must make "specific allegations of present imminent danger that may result in serious physical harm." *Skillern v. Jackson*, 2006 WL 1687752 at *2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts will not suffice. *Margiotti v. Nichols*, 2006 WL 1174350 at *2 (N.D. Fla. May 2, 2006). Nor can "a prisoner . . . create the imminent danger so as to escape the three strikes provision of the PLRA.'" *Ball v.*

---

[3] A plaintiff's status *at the time of filing* is determinative. "[S]ubsequent release from prison [does] not entitle [plaintiff] to proceed IFP on an action that he brought while he was a prisoner subject to the three-strikes bar." *Torns v. Miss. Dep't of Corrs.*, 421 F. App'x 316, 317 (5th Cir. 2010); *Harris v. City of New York*, 607 F.3d 18, 21-22 (2d Cir. 2010) ("Had Congress intended that the three strikes rule would no longer apply once a prisoner had been released, it would have written the statutory provision differently.").

4

*Allen*, 2007 WL 484547 at *2 (S.D. Ala. Feb. 8, 2007) (citing *Muhammad v. McDonough*, 2006 WL 1640128 at *1 (M.D. Fla. June 9, 2006)). Hamilton, who simply seeks to overturn his conviction, does not come close to making such a showing. His simple statement, without elaboration, that he "is in imminent danger of physical injury," is inadequate. (Doc. 1 at 3.) His complaints are entirely focused on past harm, not any likely future harm. Hence, he is barred as a three-striker, and his case should be **DISMISSED** without prejudice.

**SO REPORTED AND RECOMMENDED** this 3rd day of October, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA